The next case for argument is 19-1095, Merritt v. Wilkie. Mr. Carpenter, whenever you're ready. Thank you very much, Your Honor. May it please the Court, Kenneth Carpenter appearing on behalf of Christina Merritt, the substitute appellant for her deceased husband, Mr. Merritt. Mr. Merritt's death, Your Honor, does not affect in any way or deprive this Court of Article III jurisdiction as the Secretary has suggested. Mr. Carpenter, has your client filed a claim for accrued benefits with the VA? No, she has not, Your Honor. She has not because there is nothing pending before the VA for her to substitute in. The proceedings are entirely before the Court. If this Court affirms, there are no further proceedings to proceed with before the Court. The only way that she is able to proceed is if this appeal is sustained and the case is remanded back to the Veterans Court for enforcement of its order. But I'm not following this. Doesn't the fact that she's failed to file the accrued benefits claim as required by the VA regulations mean that this case is moot? How can she recover if she didn't file a claim within the one-year period? Because the Veterans Court in the Breedlove case expressly interpreted 5121A to apply only to the agency. Mr. Merritt had nothing pending before the agency at his death. He only had the appeal pending before this Court. Therefore, the appeal that was pending is subject only to the rules of the Veterans Court and this Court as to the question of substitution. 5121A does not require a substitution in a proceeding that is not before the agency. Mr. Carpenter, Judge Clevenger, following up on what Judge Dyke said, doesn't your client have to have filed a claim within one year of the death of Mr. Merritt in order for her to be able to perfect an accrued benefits claim? That's a yes or no question. Yes, Your Honor. And so I guess what Judge Dyke was asking is, since one year has passed, how can there be a live controversy? Because there is no claim pending before the agency. But the question is not whether Mr. Merritt has a claim pending in front of him. She wants to file a claim on her own behalf. No, Your Honor. She does not. to step into the shoes of a Veteran or claimant based upon their standing as a qualified dependent. Mr. Carpenter, I mean, you look at the Reeves case in footnote 5, and it says claims for accrued benefits must be filed within one year of the Veteran's death. Given that more than one year has passed since Reeves' death, Ms. Reeves might forfeit all right to relief if it were determined that her motion to substitute did not qualify as an informal accrued benefits claim. And now with the amendment to the regulations, it's difficult for me to see how her notice satisfies the new, more rigorous requirement of the regulations. So if that's the case, then she's out of luck. She should have filed a claim for accrued benefits but didn't. With all due respect, Your Honor, the only way that an accrued benefits claim can be filed under 5121a is if there is a pending claim by the deceased Veteran or claimant. There was no pending claim before the agency, so there was no basis for Mrs. Merritt to have filed a claim under 5121a. Can I just interrupt and get my two cents in? I'm sorry to interrupt you, but just following up on the same point, your position is she can only file claims before the agency. I guess I'm not clear what that means. If we were to remand this to the CAVC, does that come within your definition of something before the agency? Yes, it does, Your Honor. But it would be based upon a remand from the court in which the court found that Mrs. Merritt was entitled to be the substituted appellant. It is our position that because of the absence of any reference in 5121a that requires the filing of that claim to substitute before the agency, not including the courts, would not be a bar to the finding by the court that she was a substituted appellant. That does not mean that the agency could not find on remand that she didn't meet the requirements of 5121a. But the requirements of 5121a to be a qualified substituted appellant only require that she have been married to the Veteran at the time of his death. Mr. Carpenter, on that question, don't we have to decide that Christina Prewitt and Christina Merritt are one and the same persons in order to proceed at this stage? No, Your Honor. I do not believe that you need to do that. Although, if the court wants to pursue that inquiry, I believe we've provided adequate information in the record for you to make that. On that point, Mr. Carpenter, you say that we can rely on Christina Prewitt and Christina Merritt being one and the same person because it's a made-up name, a combination of Christina Marie Pisano and Christina Pisano Prewitt. That's correct, Your Honor. And that was agreed, you don't say who it was agreed to by. I'm sorry, Your Honor. And how do you get Prewitt out of the combination of the maiden name? Explain that to me. Your Honor, I cannot explain it. I merely represented what I was told by Mrs. Merritt and that that was the agreement between she and her husband as to the name that she would use after their marriage as opposed to the name Merritt. The question is whether or not she is or is not a person who was married to Mr. Merritt. I believe that there is ample evidence. You also say that we know this is true because the driver's license is in the name of Prewitt. I'm looking at the driver's license right now and it is not in the name of Prewitt. It's in the name of Merritt. I apologize, Your Honor. That was a misstatement on my part. It's material to your argument that they are one and the same person. But, Your Honor, what was meant to have been said was that it was evident that she was Mrs. Merritt based upon the name Merritt on the driver's license. I apologize for that error. That is a complete change of what you said in your writing to us. All we're left with to satisfy ourselves, before I say that, let me say that on the death certificate, the alleged name of the surviving wife was Prewitt, not Merritt. That's correct, Your Honor. That's the name. That raises a question as to whether they're the same, and now your only argument that they aren't the same is an out-of-court statement by your client that this was a made-up name that supposedly refers to both her maiden name and her married name. Do you have any other evidence on the record that would tell us that these are one and the same persons? No, Your Honor, I do not. But it seems to me that it is unreasonable for someone to claim to be a spouse of an individual when she is not. There is no reason for her to continue with this. I don't mean to be casting any aspersions on your client, but there is money at stake here, is there not? Well, Your Honor, there is only money at stake if she prevails in the appeal. There is no money at stake if you affirm. If it were to turn out that the remand to the agency and further exploration, if it were to turn out that she's not in fact one and the same person, then the money should not go to her. And that would be absolutely correct, Your Honor. And there is nothing that would impede the Secretary. Since all we have is an allegation by your client that isn't sworn to, it seems to be that it looks like there might be an act question that is better resolved by the agency than by us. Well, I disagree, Your Honor, because there is nothing pending before the agency. On that point, Mr. Carpenter, let me bring you back to the statute, which says if a claimant dies while a claim for benefit is pending or an appeal of a decision with respect to such a claim. So you can file an accrued benefits claim as long as there's an appeal pending with respect to the claim. So your theory that she couldn't file for accrued benefits because it was on appeal seems to be contradicted by the face of the statute. Your Honor, the Veterans Court in Breedlove addressed that issue and concluded that the reference to appeal meant an appeal before the agency and not an appeal to the court. That precise argument was made in Breedlove and rejected by the Veterans Court that concluded that 5121A only applied to claims and appeals pending before the agency. I'm not familiar with Breedlove. What were the facts of Breedlove? The facts were essentially the same as they were here in terms of the death of an individual who had a qualifying survivor who wished to be substituted. The question was whether or not before the court was the interpretation of 5121A and whether that statutory provision did or did not apply to the Veterans Court and required the Veterans Court to substitute. The Veterans Court concluded in Breedlove that 5121A did not apply to appeals pending before that court and only applied to claims and appeals pending before the secretary. And the Congress had expressly failed to address the role, if any, of the courts in substitution. The court went on to conclude in Breedlove that they would then, based upon their own rule and their prior case law regarding substitution, decide that substitution would be appropriate in appeals before the court. Mr. Carpenter, in your reply brief, you note that in the event that we were to allow this case to go forward and we were to rule in your client's favor, the case would go back to the VA, at which point you would be required to file all of the information the secretary is asking for now. Do you say that in your reply brief? That's correct. And the secretary is saying she would be required to file a claim for accrued benefits. So you agree that on the remand, she would be required then to file a claim for the accrued benefits, right? I'm not sure I would go quite that far, Your Honor. You said in your reply brief they'd be required to file all of the secretary's asking for. And I agree, she would be required to provide all of that information in order to satisfy... I'm sorry, Your Honor. Would she be required to file a claim for accrued benefits? I do not believe so, Your Honor, because what would be then pending would be a remand from this court that was not pending at the time of death, and in which she had been substituted by both this court and the Veterans Court following the remand from this court. What she would be required to do is to substantiate that she is in fact the spouse of Mr. Merritt. She would not satisfy that, and I believe that the secretary is entitled to make on remand a threshold determination of that anew. And if they find that she is not, then that would be a matter within their discretion to make a decision of the secretary under 501 that would then be subject to appeal as to whether or not she was or was not a person who was married at the time of death to Mr. Merritt. Did you have one... At the end of the game, the same question, is she the same, would have to be decided. So why isn't it more prudent to have it decided up front before we proceed any further? Simply because there is a question of law before the court that needs a legal determination that should not be deferred pending a determination of her status by the agency. And that if this court wants to make that determination and require additional evidence from Ms. Merritt before she proceeds, excuse me, before this court proceeds, then certainly Ms. Merritt will provide that information to the court as required. But it's a chicken and egg situation, Mr. Carpenter. If she's not one and the same, determined later on, does that mean that she didn't have standing here? If she didn't have standing here, it means we didn't have the authority to answer the question of law before us. And I understand that, Your Honor. What I'm trying to suggest is that if this court wants additional proof to be satisfied before you go forward to resolve this case as to the validity of her representation, that she was married to Mr. Merritt at the time of his death, then I will certainly produce that information in the form of sworn affidavits from her and anyone else who is in a position to know. Okay. Our time has expired. We didn't get a chance to discuss the merits, but of course we have all of your arguments in your briefs. So why don't we turn to the government and we'll restore a couple minutes for rebuttal. Thank you. Mr. King? Thank you, Your Honor. And good morning. Flint Mayfleet, the court. I'd like to go right to the primary issue involving standing. I believe the court has already honed in on the appropriate question. Do you disagree with Breedlove and that there is no ability or obligation to file a claim for accrued benefits until the case is back before the agency? Your Honor, I don't believe that's what Breedlove was saying. Part of Breedlove was, I think maybe there's some confusion here, between 30 U.S.C. Section 5121, Big A, and 5121 itself. Because in Breedlove, the court was examining whether 5121, Big A, applied to the court and it said it did not. However, the substantive entitlement for accrued benefits belongs in 5121. But the interesting point that Mr. Carpenter had raised about whether or not there needs to be a pending claim, Breedlove actually recognized that there was a death of the veteran during the proceedings before the Veterans Court, but still addressed the questions of whether or not she was indeed the surviving spouse, and whether or not they had filed the appropriate application within the one-year deadline. And it essentially did what we've asked this court to recognize in this case, where those are really upfront determinations that need to be made by the VA. To be clear about this, do you contend that she's out of luck? That the case has moved because she didn't file a claim for accrued benefits within the one-year period with the VA? At this point, yes, Your Honor. We had stated that she could have filed that application when we were addressing the motion to substitute. Now that that one-year deadline has passed, she has essentially forfeited her rights. And that's exactly what the court recognized. This court recognized and then Reeves recognized that could happen if you blow that one-year deadline. We're essentially in forfeiture territory. And the scheme that she's suggesting, that you could somehow have the court essentially take jurisdiction, address the merits, remand it back to address the upfront question, really upends the entire analysis that is supposed to occur here. She's merely alleged that she may have some sort of future entitlement. But these are determinations that need to be made upfront by the VA, especially here where there is a dispute over whether or not Christina Merritt is actually the surviving spouse. And when she has not filed the appropriate application before the VA as an accrued benefits claimant. Wait a minute. I'm a little confused. You're saying we shouldn't do anything here. We should remand it back to the VA to make that determination in the first instance? I'll clarify that, Your Honor. Originally, when the parties were briefing the motion to substitute and we said remand was a possibility, that was still within the one-year deadline. Now that the one-year deadline has passed, she no longer has a claim for accrued benefits. She has not met the statutory requirement and essentially forfeited that right. So really there would be nothing to remand. She's already blown that deadline and seems to concede here today that she did not file the appropriate application. Now that we're outside the one-year deadline. So I want to clarify the time frame we were talking about. Mr. Payne, this is Judge Clark. I heard Mr. Carter's response to my question to him about whether she would be required to file the claim. And he had an argument. I didn't watch the plan completely. Did you understand him? I'm sorry, Your Honor. I was having trouble hearing Judge Clevenger. Yes, same, Your Honor. Your phone was breaking up slightly. If you could restate your question. Yes, thank you. I understood Mr. Carpenter and my direct question to him to be whether she was out of time. He said no. If we were to remand it was because he had not had a claim pending in front of the agency. He made an argument that I didn't follow. He contended that she was not out of time. Again, I think that goes towards the question of 38 U.S.C. Section 5121A in some respects. But I don't think that's an accurate, for Ms. Meyers' representation, that's an accurate statement that she could somehow file out of time afterwards. We had cited the Supreme Court case Schweiker where it basically said when you're talking about these sort of statutory requirements, this court has no authority to overlook those. To say that there's somehow some implied exception or difference simply because the case is before the court, but that also is inconsistent with Breedlove, which again had addressed the fact that it wasn't before the VA, it was before the Veterans Court. That's essentially a similar situation now, but again, Breedlove had still recognized that those requirements of meeting a surviving spouse and filing within the one-year deadline needed to be satisfied. And it recognized that those were satisfied in Breedlove before it then addressed the separate question of whether it would allow substitution. Does that answer your question, Your Honor? Thank you. Yes, thank you. And I think that generally wraps up sort of the primary issues when it comes to standing without the question of, with the dispute over whether Ms. Murray is indeed the surviving spouse. Would it be fair to say that you have that the VA has no evidence to suggest that she's not the surviving spouse? I'm not sure if there's anything else in the record that the VA has, and I think that would also upend the burden in that if she... No, but that's not my question. My question is, do you have any evidence that she's not the surviving spouse? To disprove her allegations, Your Honor? Yes. I don't believe... I'm not aware of any evidence of that nature. What about the death certificate that claims that Christina Prewitt is the wife? Again, Your Honor, we don't have any other evidence... The death certificate lists Christina Prewitt as the informant, and the relationship to the decedent is stated as wife. Again, Your Honor, the only thing I can say is that we only have the difference in the... Isn't that some evidence that there may be a difference between Christina Prewitt and Christina Merritt? Yes, Your Honor. Exactly. How can they both be the wife in Kansas where living may be illegal? Unless they're the same person. Yes. Your Honor, these are obviously... These are important questions, and there is a distinction between Christina Prewitt and Christina Merritt. And the only evidence that has come forward about this being a combined name is statement of counsel, which is not evidence. And if I recognize, there's no other documentation that even includes sort of identifying information for the maiden name, Pisano. So based on the fair record that's been submitted revolving the motion to substitute and the briefing on it, there's still a continued factual dispute over the appropriate identity. It may be the same person. It may not be. But that's sort of the fact-finding point that the determination needs to be made below, and that the burden is on Ms. Merritt to prove her status sufficiently to meet one of the requirements under 38 U.S.C. Section 5121. If she had submitted a claim for accrued benefits within the one-year period, even while this case was pending on appeal, would the VA have accepted that application? Yes, Your Honor, would have accepted the application. It may be more appropriate to have incurred a stay for that adjudication to occur to recognize... to ensure both requirements were satisfied, but the VA would have accepted the application, and that's essentially what we had suggested on the motion to substitute, that it could be addressed that way. And for unclear reasons, the filing did not occur. Now, I think that hopefully addresses all the standing questions, but assuming the Court does find that there is standing in this instance and addresses our next argument regarding jurisdiction, we believe this case only involves a question about the application of flawed effect or a factual finding of no actual prejudice. Well, my preference would be the ability to discuss the standing and those related questions, that that's what we cover in the argument. Must my colleagues disagree? No disagreements from Judge Clevenger. Okay. Same for me. So, Your Honor, to clarify, you just want to focus on the standing issue right now? Yes. I think the argument for the appellant just consumes the standing, so we'll leave the remaining issues for the brief discussion on the brief. I think that's more appropriate. Understood, Greg. And I think the merits issue is the easier of the issues that are addressed here, as you can see on the papers, but when it comes to standing, again, the Court has identified the two main distinctions that really tank Ms. Merritt's claim here, and those are the key distinctions that differentiate this case from Reeves. It is not a straightforward application of Reeves, and I think outside of that in our discussion of free love, really the bottom line here is that Congress has established a scheme for accrued benefits. Certain requirements need to be met, and they have not been met here, and the Court has no basis under the Supreme Court precedent in Schweiker to overlook those basic statutory requirements for receipt of benefits. All that needs to happen is the process is followed. Thank you. No further questions from the Court. I will turn it over to Mr. Carpenter. Thank you. Mr. Carpenter, we'll restore three minutes rebuttal if you need it. Thank you very much, Your Honor. It seems to me that there is an inherent contradiction in the government's position. The government relies upon the proposition that Mrs. Merritt doesn't have standing before this Court because her application is out of time. The only way her application can be out of time is if she is the wife of Mr. Merritt. It seems to me that this is a non-issue here from the perspective of who should make this determination. This determination should be made by the Court. The Court should satisfy itself, and if it requires more evidence or actual evidence... Mr. Carpenter... I'm sorry, Your Honor. Mr. Carpenter, could I interrupt you for a second? You said the only way she's out of time is if she's the wife. Are you saying, in essence, then, that if we determine she is the wife, then she is out of time? No, I am not, Your Honor. That's what your lead-in suggested to me. No, I am suggesting that the government's position that there is no jurisdiction is based upon her being out of time. She is only out of time under the government's argument if she is in fact Mrs. Merritt. I didn't understand the government's irresponsibility in arguments to be saying it was a jurisdictional issue was all in the context of the mootness discussion that Judge Dyke began the subject with. I understand that, Your Honor. I'm responding to their brief in which they assert that Mr. Merritt's death deprives this court of jurisdiction to decide this appeal. And that is simply incorrect under the interpretation of 5121A as interpreted by the Veterans Court in Breedlove. This is a question that should be... But if we hold that you had to file within the one-year period, this case is moot, right? That would be true, Your Honor, except that issue is not before this court. What is before this court is whether or not Mr. Merritt's death deprives this court of jurisdiction. And the only way that Mr. Merritt's death deprives this court of jurisdiction is if there isn't an appropriate person to be substituted before this court. The question of being substituted before the agency is only based upon a claim that was pending because this is a predicate statute for accrued benefits in which the claimant is not asking for accrued benefits. The claimant is asking to be placed in the shoes of the appellant. Mrs. Merritt wishes to be in Mr. Merritt's shoes to pursue this appeal in order to get a determination of law by this court as to whether or not the Veterans Court erred in failing to enforce its remand order. Why did Mrs. Merritt not file within the one-year period for accrued benefits? Because I did not believe that there was any basis for such an application since under my reading of Breedlove, there is no jurisdiction of the agency of original jurisdiction to take up this matter unless there was either a claim pending or an appeal pending before the agency. Breedlove clearly says that 5121A requires the motion for substitution as a predicate to proceeding before the agency. Mrs. Breedlove was not asking to proceed before the agency. She was asking to proceed in this appeal before this court because of her husband's death. If there are no further questions, I think that time has run out and I think that will conclude the argument for this morning. We thank both counsel and the case is submitted. The Honorable Court is adjourned from day today. Thank you.